J. W. BARTHOLOMEW ET AL. V. C. F. FISHER ET AL.

[FILED MARCH 2, 1892.]

Replevin: CHATTEL MORTGAGE: DESCRIPTION. In an action of replevin founded on a chattel mortgage, the description of the property was *held* sufficient to entitle the plaintiff to recover, and there was testimony tending to show that the purchaser had actual notice of the mortgage.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*J. W. Bartholomew,* and *O. A. Abbott,* for plaintiffs in error, cited: Deering on the Law of Negligence, sec. 17; Thompson on Negligence, p. 1172; Shearman & Redfield on the Law of Negligence, sec. 31; *Rice v. McComas,* 21 Neb., 198, and cases cited; *Hutton v. Arnett,* 51 Ill., 198; *Rhutasel v. Stephens,* 27 N. W. Rep. [Ia.], 786, and cases cited.

*R. R. Horth,* and *Chas. G. Ryan, contra.*

Maxwell, Ch. J.

This is an action of replevin brought by the defendants in error against the plaintiffs in error to recover the possession of "one roan mare now about nine years old, named Kate," and of the value of $125. On the trial of the cause the jury returned a verdict in favor of the defendants in error. The testimony tends to show that in December, 1887, one J. R. Vybyral made and delivered to one J. I. Chadwick a chattel mortgage on the mare in question, together with "one gray mule valued at $30; one gray mule valued at $80; one set of double harness valued at $25." The mortgagor appears to have been a resident of Merrick county, and the property was in that county and the mortgage filed for record there. Afterwards the mare in question was taken into Hall county and sold to the plaintiffs in error. The testimony also tends to show that there are two persons residing in Merrick county named John Vybyral, being father and son; that they lived together; that the son signed his name in various ways, as John R. Vybyral, J. R. Vybyral, and John Vybyral. There is also evidence tending to show that the father was unable to write his name, but made a mark. The testimony also shows that between $70 and $80 remained due on the note when the action was brought. There is testimony also tending to show that plaintiffs in error had actual notice of the chattel mortgage in question as well as constructive notice from the record. There is no complaint of error in the instructions, nor of the insufficiency of the evidence to sustain the verdict. The testimony as to the other property mortgaged, not involved in this action, is not very satisfactory. It is scarcely possible that after a sale of that property there still remained due on the note the sum of nearly $80, but no point is made on that phase of the case.

There is no material error in the record, and the judgment is

AFFIRMED.

THE other judges concur.